IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL K. DEWILD,<br><br>                   Plaintiff,<br>v.<br><br>TRANSUNION LLC; EXPERIAN INFORMATION SOLUTIONS, LLC; EQUIFAX INFORMATION SOLUTIONS, LLC; BONNEVILLE COLLECTIONS INC.; and MOUNTAIN LAND COLLECTIONS, INC.,<br><br>                   Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT TRANS UNION LLC'S MOTION FOR PARTIAL DISMISSAL**<br><br>Case No. 2:13-cv-00175-DN<br><br>District Judge David Nuffer |

      Defendant Trans Union LLC ("Trans Union") moves to dismiss counts II, III, IV, and V of Plaintiff Dewild's complaint.[1] Trans Union argues that Section 1681h (e) of the Fair Credit Reporting Act ("FCRA")[2] preempts Dewild's claims of (1) invasion of privacy, (2) libel, (3) negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents, and (4) negligent, wanton, and intentional conduct.[3] Additionally, Trans Union moves for dismissal of Dewild's request for injunctive relief "on the grounds that private plaintiffs cannot seek equitable, declaratory or injunctive relief under the FCRA."[4]

      Trans Union's motion for partial dismissal is GRANTED.

---

[1] Defendant Trans Union LLC's Motion for Partial Dismissal (Motion to Dismiss), docket no. 15, filed May 9, 2013.

[2] 15 U.S.C. § 1681 (2012).

[3] Motion to Dismiss at 2-3.

[4] *Id*. at 3.

## BACKGROUND

On or about December 19, 2011 Dewild disputed inaccuracies on his credit report with Trans Union.[5] The inaccuracies stemmed from accounts reported under Dewild's name from Bonneville Collections Inc. ("Bonneville") and Mountain Land Collections Inc. ("Mountain Land").[6] Trans Union told Dewild that the disputed accounts had been verified.[7] Dewild communicated with Mountain Land, and Mountain Land confirmed that discrepancies existed between the accounts listed on Dewild's credit report and the accounts listed in Mountain Land's records.[8] Dewild informed Trans Union of Mountain Land's acknowledgement of the discrepancies.[9] Trans Union has not provided Dewild with documentation of a reinvestigation into the discrepancy.[10] Dewild also informed Trans Union that Mountain Land and Bonneville failed to provide him with documentation that verifies the debt accounts.[11] On or about November 8, 2012 Dewild requested that Trans Union open another dispute and investigate further.[12] DeWild claims that due to the inaccuracies on his credit report he cannot obtain reasonable financing interest rates.[13]

---

[5] Plaintiff's Objection to Defendant Trans Union LLC's Motion for Partial Dismissal (Dewild Response) ¶¶ 1-2, docket no. 21, filed May 29, 2013.

[6] *Id*. ¶ 1.

[7] *Id*. ¶ 5.

[8] *Id*. ¶ 7.

[9] *Id*. ¶ 8.

[10] *Id*. ¶ 9.

[11] *Id*. ¶ 14.

[12] *Id*. ¶ 15 (first paragraph 15).

[13] *Id*. ¶ 15 (second paragraph 15).

**STANDARD OF REVIEW – MOTION TO DISMISS**

To withstand a motion to dismiss under *Bell Atlantic Corp. v. Twombly*,[14] and *Ashcroft v. Iqbal*[15] a plaintiff must allege enough facts, "taken as true, to state a claim to relief that is plausible on its face."[16] A plaintiff must "offer specific factual allegations to support each claim"[17] and while the Court must "accept as true all of the allegations contained in a complaint" this requirement is "inapplicable to legal conclusions."[18] Therefore, "in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."[19] Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[20]

**DISCUSSION**

Trans Union moves to dismiss four of Dewild's five claims. The claims at issue are (1) invasion of privacy, (2) libel, (3) negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents, and (4) negligent, wanton, and intentional conduct. As grounds for dismissal, Trans Union contends that the claims are preempted by the FCRA.[21] Trans Union further argues that Dewild's request for injunctive relief should be dismissed because the FCRA does not permit the remedy of injunctive relief.[22]

---

[14] 550 U.S. 544 (2007).

[15] 556 U.S. 662 (2009).

[16] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 570).

[17] *Id.*

[18] *Id.* (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 677).

[19] *Id.*

[20] *Id.* (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 679).

[21] Motion to Dismiss at 2.

[22] *Id*.

### Invasion of Privacy and Libel Preempted

The FCRA limits liability stating that, "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer."[23]  To succeed on the claims mentioned in the statute, a plaintiff must provide evidence that the defendant acted with malice or a willful intent to injure.[24]  Dewild's claims for invasion of privacy and libel are preempted by the statute, and can only survive if Dewild alleges facts showing Trans Union acted with malice or willful intent to injure.  The facts alleged by Dewild, accepted as true for this motion, do not support the allegation that Trans Union acted with malice or willful intent to injure.  Thus, FCRA preempts them as plead.

### Negligent Hiring, Supervision, Conduct Preempted

Dewild's claim of negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents, are preempted under the FCRA.  As the Utah Supreme Court noted, "[t]he causes of action variously termed 'negligent hiring,' 'negligent supervision,' and 'negligent retention' are all basically subsets of the general tort of negligent employment."[25]  This cause of action is based on negligence, which is preempted by the FCRA unless Dewild provided evidence that Trans Union acted with malice or willful intent to injure.  Dewild has failed to provide specific factual allegations showing malice and willful intent to injure.

---

[23] 15 U.S.C. § 1681h(e) (2012).

[24] *See Johnson v. Trans Union, LLC*, No. 12-2083, 2013 WL 1395906 (7th Cir. Apr. 8, 2013); *Holmes v. Experian Info. Solutions, Inc.*, 507 F. App'x 33 (2nd Cir. 2013); *Birmingham v. Equifax, Inc.*, No 2:06-cv-00702 BSJ, 2009 WL 194985 (D. Utah Jan. 26, 2009).

[25] *Retherford v. AT&T Commc'ns of Mountain States, Inc.*, 844 P.2d 949, 973 n.15 (Utah 1992).

**Deficient Factual Allegations - Negligent, Wanton, and Intentional Conduct**

Dewild fails to offer specific factual allegations to support his claim for negligent, wanton, and intentional conduct.  In his response to Trans Union's motion for partial dismissal, Dewild alleges that Trans Union acted with malice and willful intent to injure.[26]  Dewild alleges that Trans Union "knowingly continued to publish the inaccurate, false information"[27] despite letters from Dewild to Trans Union indicating the information in the credit report was incorrect.  Although Dewild alleges Trans Union's failure to correct his credit report was based on malice and willful intent to injure, the facts alleged do not support this conclusion.

The fact that Bonneville and Mountain Land failed to provide Dewild with "any form of validation, documentation, or records of the alleged debt accounts"[28] does not support the conclusion that Trans Union acted with malice or willful intent to injure.  Dewild has presented no facts indicating Trans Union received notice from Bonneville or Mountain Land that the accounts in question are in fact incorrect.  In fact, Dewild stated that Bonneville and Mountain Land **have not** provided any documentation to either him or Trans Union.[29]  The failure of Trans Union to act based on undocumented requests from Dewild does not support the conclusion that Trans Union acted with malice or willful intent to injure, as required for Dewild's claims to avoid preemption by the FCRA.

In Dewild's prayer for relief he requests "injunctive relief to prevent further violations."[30]  Dewild's request for injunctive relief "fails as a matter of law because injunctions are not

---

[26] Dewild Reponse at 3.

[27] *Id*. at 4.

[28] *Id*. ¶ 14.

[29] *Id*.

[30] Complaint at 17, <u>docket no. 2</u>, filed March 12, 2013.

available to consumers under the FCRA."[31]  Dewild fails to address Trans Union's motion to dismiss his request for injunctive relief.  Dewild provides no facts or arguments to support his request for injunctive relief.

### ORDER

IT IS HEREBY ORDERED that Trans Union's motion for partial dismissal[32] is GRANTED.  Dewild's causes of action against Trans Union for invasion of privacy (Count II), libel (Count III), negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents (Count IV), and negligent, wanton, and intentional conduct (Count V) are DISMISSED WITHOUT PREJUDICE.  Dewild's first cause of action against Trans Union for violations of the FCRA remains.

Signed August 12, 2013.

BY THE COURT

_____
District Judge David Nuffer

---

[31] *Birmingham v. Equifax, Inc.*, No 2:06-cv-00702 BSJ, 2009 WL 194985, at *1 (D. Utah Jan. 26, 2009); *See also Washington v. CSC Credit Serv. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) (holding that Congress vested the power to obtain injunctive relief as to the FCRA solely with the FTC).

[32] Docket no. 15, filed May 9, 2013.